UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCARDI ENDEAVORS, LLC,

    Plaintiff,

v.                                                    CASE NO: 8:10-cv-839-T-26EAJ

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Colonial Bank, and BRANCH
BANKING AND TRUST COMPANY,

    Defendants.
_____/

**O R D E R**

Before the Court are two motions to dismiss filed by each Defendant respectively and memoranda in opposition filed by Plaintiff. (Dkts. 23, 24, 25 & 30). This Court previously granted a motion to dismiss the Complaint with leave to amend. (Dkt. 9). After careful consideration of the allegations of the First Amended Complaint (Dkt. 15), the Court concludes that one of the motions should be granted in its entirety and the other should be granted in part and denied in part.

**ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

Plaintiff Accardi Endeavors, LLC (AE) seeks relief in three counts against both Branch Banking and Trust Company (BB&T) and Federal Deposit Insurance Corporation (the FDIC) acting as the receiver for Colonial Bank. Counts I and III seek declaratory

relief, and count II seeks damages in the amount of $1,674,176.95 for past due rent, accelerated rent, and maintenance expenses under a lease, executed originally between Colonial Bank as tenant and AE as landlord on March 31, 2006 (the Lease). (Dkt. 15, Exh. 1). After Colonial Bank was placed in receivership on August 14, 2009, FDIC was appointed as its receiver.

A short description of the original transaction involving the Lease is useful. In March 2006, AE executed two promissory notes and a mortgage in favor of Colonial Bank, which were part of an "integrated and unitary transaction" between AE and Colonial Bank. The transaction covered AE's purchase of real property on which AE would construct a building to house Colonial Bank. Colonial Bank agreed to lease the building from AE for ten years.

When Colonial Bank was placed into receivership on August 14, 2009, BB&T entered into a Purchase and Assumption Agreement (the Purchase Agreement) with the FDIC regarding the property at issue. (Dkt. 15, Exh. 2). The Purchase Agreement contains a provision giving BB&T an exclusive option to cause the FDIC to assign to BB&T the Lease for the bank premises and therefore either accept or reject all Colonial Bank leases of bank premises within 170 days. (Dkt. 15, Exh. 2, Section 4.6(b)). The time expired on February 1, 2010. Notice was to be given to the FDIC. (Dkt. 15, Exh. 2, Section 4.6(b)). The Purchase Agreement defines "notice" as "effective when received" and "shall be deemed given on the date received by the addressee." (Dkt. 15, Exh. 2,

Section 13.7). On February 1, 2010, BB&T sent written notice to the FDIC of its intention to reject the Lease. (Dkt. 15, Exh. 2, Section 4.6). On or about February 2, 2010, the FDIC received the notice of intent to reject the Lease.

After the FDIC became the receiver and before BB&T gave notice, AE filed a proof of claim on September 25, 2009, seeking the $1,674,176.95 in damages from the FDIC for breach of the Lease. (Dkt. 15, Exh. 4). The claim was disallowed on February 12, 2010, because "[r]ent is currently being paid and no breach of the Lease agreement has occurred." (Dkt. 15, Exh. 5). AE filed this action on April 9, 2010. The FDIC repudiated the Lease as burdensome by letter dated April 13, 2010, addressed to AE. (Dkt. 15, Exh. 10).

**Count I—Declaratory Relief**

AE requests this Court to declare (1) that the FDIC failed to exercise its power pursuant to 12 U.S.C. §1821(e) to repudiate the Lease within a reasonable time, (2) that BB&T failed to give timely notice of rejection of the Lease, and (3) that the Lease is enforceable against the FDIC and BB&T. First, both BB&T and the FDIC challenge AE's ability to bring an action for declaratory relief under these circumstances.

Generally, suing the FDIC for declaratory relief in its capacity as a receiver for a failed bank is barred by 12 U.S.C. §1821(j). See RPM Invs., Inc. v. Resolution Trust Corp., 75 F.3d 618, 620 n. 2 (11th Cir. 1996) (noting that exceptions to jurisdictional bar of §1821(j) are extremely limited). 12 U.S.C. §1821(j) provides as follows:

> Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation [the FDIC] as a conservator or a receiver.

Much ado is made over paragraph 17 of the Amended Complaint which alleges that the repudiation letter of April 13 was not timely delivered and therefore "the FDIC is statutorily barred from exercising any purported power under 12 U.S.C. §1821(e)(2) to repudiate the Lease between AE and Colonial Bank." (Dkt. 15, para. 17). While it is true that this statement, standing alone, is an incorrect statement of the law, the law does not absolutely prohibit a claim for declaratory relief against the FDIC made by a lessor when the lessee bank is placed into receivership. See 701 NPB Assocs. v. Federal Deposit Ins. Corp., 779 F.Supp. 1336 (S.D. Fla. 1991) (denying motion to dismiss claim for declaratory relief against FDIC for failing to repudiate within reasonable amount of time because 8 and ½ months posed factual dispute not capable of being resolved on motion to dismiss).

As AE points out, the introductory phrase of §1821(j), "[e]xcept as provided in this section," precludes an absolute ban on suing the FDIC, provided §1821 contains other avenues and the "exercise of powers or functions" of the FDIC as a conservator or receiver are not restrained. See Freeman v. F.D.I.C., 56 F.3d 1394, 1400 (D.C. Cir. 1995) (noting the exception of 12 U.S.C. §1821(d)(6)). Undoubtedly, the Eleventh Circuit has recognized that §1821(j) of the Financial Institutions Reform, Recovery and Enforcement

Act of 1989 (FIRREA) "has been interpreted broadly to bar judicial intervention whenever the FDIC is acting in its capacity as a receiver or conservator." Bank of Am., N.A. v. Colonial Bank, 604 F.3d 1239, 1243 (11th Cir. 2010) (citing Bursik v. One Fourth St. N., Ltd., 84 F.3d 1295, 1397 (11th Cir. 1996)). As part of a receiver's powers, 12 U.S.C. §1821(e)(1) provides as follows:

> **(e) Provisions relating to contracts entered into before appointment of conservator or receiver**
> **(1) Authority to repudiate contracts**
> In addition to any other rights a conservator or receiver may have, the conservator or receiver for any insured depository institution may disaffirm or repudiate any contract or lease—
> (A) to which such institution is a party;
> (B) the performance of which the conservator or receiver, in the conservator's or receiver's discretion, determines to be burdensome; and
> (C) the disaffirmance or repudiation of which the conservator or receiver determines, in the conservator's or receiver's discretion, will promote the orderly administration of the institution's affairs.

A declaration of AE's rights under the Lease, however, does not seek to restrain or affect the exercise of the FDIC's receivership power of repudiation. AE does not seek to make the FDIC exercise its right to repudiate because the FDIC already exercised its right of repudiation on April 13, 2010.

Central to the AE's claim is the determination of whether the FDIC exercised its right of repudiation in a timely fashion. The right of repudiation must be exercised within a "reasonable period" as dictated by 12 U.S.C. §1821(e)(2) which provides as follows:

> **(2) Timing of Repudiation**

> The conservator or receiver appointed for any insured depository institution in accordance with subsection (c) of this section shall determine whether or not to exercise the rights of repudiation under this subsection *within a reasonable period* following such appointment.

(Emphasis added). The time that triggers the running of the "reasonable period" for repudiation is the date of the first appointment of a receiver. See <u>701 NPB Assocs.</u>[1] Although the allegations of the First Amended Complaint reveal that the FDIC did not learn that BB&T did not intend to exercise its exclusive option to assume the Lease until February 2, 2010, the time for repudiation is calculated from the date the receiver is appointed for the failed bank. While the letter of repudiation, dated April 13, 2010, came seventy days after notification from BB&T, it came over 8 and ½ months after the FDIC was appointed receiver on August 14, 2009. AE merely seeks a declaration of whether the repudiation of April 13, 2010, was made in a reasonable period, presumably to be used in the calculation of damages resulting from the disallowance of AE's claim,[2] not to affect the past exercise of a receiver's rights.

---

[1] See also <u>1185 Ave. of Americas Assocs. v. Resolution Trust Corp.</u>, 22 F.3d 494, 498 (2d Cir. 1994) (holding that the reasonable period for repudiation begins to run when RTC was appointed as receiver, even though it had previously acted as conservator).

[2] The FDIC disallowed AE's claim for damages on February 12, 2010. (Dkt. 15, Exh. 5). The FDIC gave notice pursuant to 12 U.S.C. §1821(d)(6) that AE must seek either agency review or a judicial determination of its claim. (Dkt. 15, Exh. 5). These claims are permitted to be filed against the FDIC as receiver and therefore constitute an exception referenced in the introductory phrase of §1821(j).

Both BB&T and the FDIC argue that AE has not alleged the elements of a cause of action for declaratory relief. See GTE Directories Publ'g Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1567 (11th Cir. 1995) (stating elements of declaratory relief as plaintiff suffering injury as a result of alleged conduct, injury traceable to alleged conduct, and injury likely to be redressed by favorable decision). AE concedes that it was not a party to the Purchase Agreement, which provides for 170 days in which BB&T could exercise its exclusive option to assume the Lease. There are no allegations that AE was a third party beneficiary of the Purchase Agreement. AE, however, is not suing for declaratory relief based on the Purchase Agreement. AE seeks a declaration of its rights under the Lease, which the FDIC had control over as the receiver of Colonial Bank, the original lessee. At least as to the FDIC, AE has stated a cause of action for declaratory relief. See 701 NPB Assocs. With respect to BB&T, however, BB&T owed no duty under the Purchase Agreement to AE and therefore AE cannot allege any injury directly caused by any duty owed by BB&T to assume the Lease.

As to the timeliness of the rejection of the Lease by BB&T, as both the FDIC and BB&T assert, BB&T's failure to act within the 170 days did not serve as an automatic assumption of the Lease by BB&T. The 170-day provision is a part of the Purchase Agreement to which AE is not a party. Thus, AE has no standing to seek a declaration of whether BB&T's rejection of the Lease pursuant to the Purchase Agreement was timely. As such, AE may not seek a declaration that BB&T failed to timely reject the Lease.

### Count II— Breach of Lease

AE alleges that both the FDIC and BB&T breached the Lease, which was entered into between Colonial Bank and AE. AE takes the position that the FDIC's failure to timely repudiate the Lease within a reasonable time makes the Lease fully enforceable for the accelerated rent due and owing, together with reimbursement expenses. The FDIC argues that its repudiation was timely and therefore it cannot be sued for breach of the Lease. As explained earlier in this Order, the question of reasonableness is a factual dispute best left for a determination on the merits at a different stage in the proceedings. As noted in this Court's prior order (Dkt. 9), however, AE may not seek damages from BB&T for breach of the Lease, which was entered into between Colonial Bank and AE.

### Count III— Declaratory Relief

AE seeks a declaratory judgment that AE is entitled to a set-off or recoupment of the amount due under the Lease against the amounts due and owing under the promissory notes and mortgage from AE to Colonial Bank, as part of an integrated transaction. AE alleges that the Lease, as "part of an integrated or unitary transaction" between AE and Colonial Bank creates mutual and interdependent debts and obligations entitling each party to recoupment or set-off. AE affirmatively pleads that BB&T is not a holder in due course of the promissory notes and mortgage and therefore is subject to the claims and defenses of AE against the FDIC. Because neither the FDIC nor BB&T repudiated or rejected, respectively, the Lease, AE alleges it has a right to set-off. In addition, AE

alleges that the unitary transaction made Colonial Bank a tenant and AE a landlord, and therefore the rents are owed to AE as part of the integrated transaction.

As ruled in this Court's prior order (Dkt. 9), section 34 of the mortgage unambiguously provides that "Mortgagee shall not be obligated to perform or discharge, nor does it hereby undertake to perform or discharge, any obligation, duty or liability under any Lease by reason of this Mortgage . . ." (Dkt. 15, Exh. 8, §34). The Mortgagee was Colonial Bank, and the mortgagor was AE. AE's argument that Colonial Bank's obligation to AE was only as a mortgagee and not as a tenant under section 34 of the mortgage is without merit, and AE's reliance on Capital Guidance Assocs. IV v. NCNB Texas Nat'l Bank, 1991 WL 210740 (S.D.Tex. 1991), is misplaced. The Capital Guidance case involved two leases that were signed the same day and considered an integrated single contract under Texas state law. That court grappled with whether the FDIC as receiver had the authority to repudiate only one of the leases and held that factual questions existed precluding dismissal.

BB&T was never a party to the Lease, and the mortgage by virtue of section 34 was not tied to the Lease. Hence, AE's allegations that the transaction was unitary and integrated are of no avail. Count III is therefore dismissed with prejudice as to both Defendants.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) The Motion to Dismiss filed by Federal Deposit Insurance Corporation as Receiver for Colonial Bank (Dkt. 24) is **GRANTED** as to Count III and denied as to Counts I and II.

(2) The Motion to Dismiss filed by Branch Banking and Trust Company (Dkt. 23) is **GRANTED** as to Counts I, II, and III.

(3) The FDIC shall file its answer and defenses to Counts I and II within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on August 9, 2010.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record